**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No.: 21-30067** |
| **5401 Montoya Dr. El Paso** | § | **Chapter 11** |
| **Texas, LLC** | § | |
| | § | |
| *Debtor.* | § | |

**INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL**

This matter came before the Court on February ___, 2021, for hearing on the Motion of 5401 Montoya Dr. El Paso Texas, LLC came to be heard Debtor's Motion to Authorize the Use of Cash Collateral (Dkt#__) filed February 11, 2021(the "Motion"). Upon consideration of the Motion, representations of counsel at the Preliminary Hearing and all other matters of record, the Court hereby finds:

A. The Debtor filed its petition for relief under Chapter 11 of the Bankruptcy Code on February 11, 2021 (the "Petition Date"). Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtor remains in possession of its assets and has continued the operation and management of the business in this reorganization case.

1

B. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2), involving matters under 11 U.S.C. § 1408.

C. The Debtor asserts that it owns a group home which provides a commercial residence to senior citizens and that the home capacity is seven residents and a staff member. Mr. Giron, sole member of the Debtor LLC in this case, maintains residence there as well.

D. The Debtor asserts that it is party, as borrower, to that certain Renewal and Extension Deed of Trust dated November 18, 2019 with El Paso National Mortgage, LLC ("EPNM") as lender. The Debtor further asserts that the Debtor executed a promissory note in favor of EPNM. As of the Petition Date, the Debtor asserts that the outstanding balance owed to EPNM is approximately $364,828.39.

E. The revenue from the Business may constitute Cash Collateral as that term is defined in 11 U.S.C. § 363 (the "Cash Collateral"). The Debtor believes that EPNM may assert an interest in the Cash Collateral.

F. The Debtor asserts that it has provided actual notice of the Motion and the relief requested to the Lender, to each of Debtor's Twenty Unsecured Creditors and the United States Trustee and Chapter 11 Subchapter V Trustee.

G. The Debtor alleges that an immediate need exists for the Debtor to obtain use of the Cash Collateral to fund critical operations of the Business. A schedule of the Debtor's revenues and cash requirements for the next 13 weeks is set forth in the budget (the "Budget") attached to the Motion as Exhibit A.

H. The Debtor alleges that in order to continue the Debtor's operations and to preserve the value of Debtor's assets, the Debtor requires the use of Cash Collateral in accordance with this Order.

I. Good cause has been shown for entry of this Order and authorization for Debtor to use cash collateral pending the final hearing on the Cash Collateral Motion pursuant to Bankruptcy Rule 4001(b) (the "Final Hearing"). Among other things, entry of this Order will minimize disruption of the Business, will increase the possibility for a successful reorganization, and is in the best interest of the Debtor, its creditors and other parties-in-interest.

Accordingly, it is hereby

**ORDERED, ADJUDGED AND DECREED:**

1. The Motion is GRANTED on an interim basis. Subject to the terms hereof, this Order is effective immediately.

2. The Debtor is authorized to use of the Cash Collateral as set forth herein from the date of the entry of this Order through and including the date of final hearing on the Motion (the "Interim Period"). The Interim Period may be extended by further order of the Court.

3. In order to provide adequate protection for the Debtor's use of the Cash Collateral authorized hereunder, the Lender and any other secured creditor, to the extent they hold valid liens, security interests, or rights of setoff as of the Petition Date under applicable law, are hereby granted valid and perfected liens (the "Adequate Protection Liens") on all property acquired by the Debtor after the Petition Date that is the same or similar nature, kind, or character as each Lender's respective pre-petition collateral, to the extent of any diminution in value of the Cash Collateral, except that no such replacement liens shall attach to the proceeds of any avoidance actions under Chapter 5 of the Bankruptcy Code. The Adequate Protection Liens shall be deemed automatically valid and perfected upon entry of this Order.

4. Nothing herein shall be construed as a finding or conclusion that the Lender or Debtor or or any other party holds a valid security interest, lien, or any interest in any of the Debtor's assets, and all parties' rights with respect to such issues is reserved.

5. This Order is entered without prejudice to the rights of either the Lender or the Debtor to seek a modification of the terms hereof after notice and a hearing, and without prejudice to the right of Debtor to object to any claim.

6. The Court shall hold a final hearing on the Motion as indicated above.

7. The instant Order shall remain valid until such hearing, or any continuation thereof, has been held and a ruling entered.

###

Prepared by:
Timothy V. Daniel
Timothy V. Daniel, PC
603 Mississippi Ave.
El Paso, Texas 79902
Telephone: (915) 487-0072
Facsimile: (505) 629-1528
Email: tim@timvdaniel.com