# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No.: 21-30067 |
| **5401 MONTOYA DR. EL PASO** | § | Chapter 11 |
| **TEXAS, LLC** | § | |
| *Debtor.* | § | |

## AMENDED MOTION FOR
## AUTHORITY TO USE CASH COLLATERAL

TO THE HONORABLE H. CHRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:

5401 Montoya Dr. El Paso Texas, LLC, Debtor and Debtor-in-Possession ("5401 Montoya"), files this Motion to Authority to Use Cash Collateral (this "Motion"), for entry and approval of an order, pursuant to Sections 105, 361, and 363 of the Bankruptcy Code and Rules 2002 and 4001 of the Federal Rules of Bankruptcy Procedure, authorizing the Debtor's use of cash collateral on an emergency basis to continue its operations in accordance with the proposed budget attached hereto as **Exhibit A** (the "Budget) and the Proposed Interim Order (as defined below) attached as **Exhibit B**, respectfully showing the Court as follows:

### Background

1. The Debtors commenced this case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 1, 2021 (the "Petition Date"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor is in possession of its assets and managing its affairs as debtors-in-possession. As of the date hereof, no trustee, examiner, or statutory committee has been appointed in the case.

2. 5401 Montoya Dr. El Paso Texas, LLC was formed under the laws of the state of Texas in September 2017 and has been operating continuously. Benjamin Joe Giron is the sole and

1

managing member of the LLC. Prior to 2017, the facility was owned and operated as a sole proprietorship.

3. 5401 Montoya is a residential home for senior citizens, commonly called a "group home." The home can accommodate up to seven paying residents and a staff member. Mr. Giron maintains a residence at this home as well.

## Pre-Petition Financing

4. The Debtor is a party, as borrower, to that certain Renewal and Extension Deed of Trust dated November 18, 2019 payable to El Paso National Mortgage, LLC ("EPNM"). As of the Petition Date, the Debtor believes the outstanding balance owed to EPNM to be $364,828.39.

5. Other than the mortgage to EPNM, the Debtor has no pre-petition financing. Certain revenue from the Business may constitute Cash Collateral as that term is defined in 11 U.S.C. § 363 (the "Cash Collateral"). On February 5, 2021, EPNM has filed an Notice of Security Interest in Rents, Revenues, and Proceed Arising From Real Property Pursuant to 11 U.S.C. §552(b)(2) Constituting Cash Collateral Pursuant to 11 U.S.C §363(a), and Objection to Use of Cash Collateral (Dkt#6).

6. Debtor's real property is subject to the mortgage lien of EPNM and is also subject to a lien held by the City of El Paso for ad valorem taxes in the amount of $11,848.53 (Claim#1)

## Events Precipitating Bankruptcy

7. The advent of the COVID-19 pandemic in early 2020 has caused nationwide economic crisis and high unemployment. In addition to that it has cause a general cautiousness or even fear of close contact with others. As a result, residency in group homes has generally declined nationwide. Senior Citizens who might otherwise be candidates for group homes

have gone to live with family or alone. Debtor has not been excepted from such suffering in this crisis.

8. Consequently, Debtor has defaulted under its mortgage loan. El Paso National Mortgage ("EPNM") has attempted foreclosure several times.

9. The Debtor's pre-petition efforts to resolve the mortgage loan through out-of-court restructuring fell short. Debtor made calls to EPNM and never made it past the person answering the telephone. Emails were exchanged but no agreement was ever reached. After that, there were ill-advised attempts at dealing with all of the assets in Chapter 13 which ultimately failed.

10. Debtor filed this Chapter 11 petition in order to preserve the value of the Debtor's assets and to develop and implement a comprehensive restructuring plan. On February 9, 2021, EPNM filed a Motion for Relief from Automatic Stay in this case (Dkt#13). Debtor hopes to retain the property and that EPNM will agree to its plan which benefits both Debtor and creditor. Under the circumstances, Mr. Giron will be filing a plan to sell off two Las Cruces properties which are held by other sole member LLCs and those entities will contribute the proceeds to Debtor so that EPNM can be paid off or that the debt can be significantly reduced. At this time, Mr. Giron believes the sale of the two Las Cruces properties will provide sufficient proceeds to retire the debt to EPNM.

**RELIEF REQUESTED**

11. By this Motion, the Debtors seeks interim and final authorization to use Cash Collateral. The Debtor proposes to use Cash Collateral for general operational and administrative expenses as set forth in the Budget. The expenses incurred by the Debtor and for which Cash Collateral will be used will all be incurred in the normal and ordinary course of

operating the Business. A proposed *Interim Order Authorizing Debtor to Use Cash Collateral and Granting Adequate Protection* (the "Proposed Interim Order") is attached hereto as **Exhibit B**.

12. Approval of the instant Motion is necessary and critical to the Debtor's ongoing business operations, as well as for the preservation of asset and collateral value.

## FACTS IN SUPPORT OF RELIEF REQUESTED

13. By this Motion, the Debtors seek an order authorizing the Debtor to utilize cash collateral in order to operate the Debtor's business.

14. The Debtor seeks authority to use cash collateral in accordance with the budget attached hereto as Exhibit "A." Exhibit "A" represents the "interim budget" (the "Interim Budget") which will govern use of cash collateral in order to avoid immediate and irreparable harm to the estate.

15. During the Interim Period, the Debtor projects the following: (a) total receipts of $52,000 representing cash collateral; and (b) total disbursements in the amount of $46,062. Net cash for the Interim Period is to be $5,938.

16. It is essential to the continued operation of the Debtor's business for the Debtor to have the ability to utilize cash collateral. Without the use of cash collateral to continue the Debtor's business, the Debtor will be required to discontinue its business operation which will cause displacement of the current residents.

17. The Debtor believes that adequate protection will be provided through the maintenance of existing collateral levels or otherwise. The proposed utilization of the cash collateral will not, in any event, impair the Lender's position.

18. If allowed to use cash collateral, the Debtor believes it can maintain its business operations.

[Intentionally left blank]

## JURISDICTON AND VENUE

19. This Court has jurisdiction over this Motion under 28 U.S.C. §§157 and 1334. Venue is proper under 28 U.S.C. §§1408 and 1409. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A) and (M).

20. The statutory predicates for relief requested herein is sections 105, 361, 362, and 363 of the Bankruptcy Code.

## AUTHORITY IN SUPPORT OF RELIEF REQUESTED

21. Pursuant to Section 363(c)(2)(B) of the Bankruptcy Code, a debtor-in-possession may use cash collateral with court approval after notice and a hearing. Section 363(e) of the Bankruptcy Code provides that, upon request of an entity that has no interest in property to be used by a debtor, the Court "shall prohibit or condition such use…as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e). Here, the Court should approve the Debtor's proposed use of cash collateral because the affected Lender's interest in cash collateral will be adequately protected during the Debtor's continued business operations.

22. Adequate protection can be provided by a number of different methods. Section 361 of the Bankruptcy Code provides that adequate protection may be provided by (1) making "a cash payment or periodic payments to [an] entity, to the extent that the stay under Section 362 of this title, use, sale, or lease under Section 363 of this title…results in a decrease in the value of [the] entity's interest in such property," (2) "providing to [an] entity an additional or replacement lien to the extent that such…use…results in a decrease in the value of [the] entity's interest in such property" or (3) "granting such other relief…as will

result in the realization by [an] entity of the indubitable equivalent of [the] entity's interest in such property." 11 U.S.C. §§ 361(1), (2), (3). Adequate protection may also be provided or otherwise realized by the existence of an equity cushion in collateral.

23. What constitutes adequate protection is determined on a case-by-case basis. *See MBank Dallas, N.A. v. O'Connor (in re O'Connor)*, 808 F.2d 1393, 1396-97 (10th Cir. 1987); *In re Martin*, 761 F.2d 472 (8th Cir. 1985). However, regardless of how adequate protection is provided, the focus of the requirement is to protect a secured creditor from diminution in value of its interest in the collateral during the period of use by the debtor. *See In re Kain*, 86 B.R. 506, 513 (Bankr. W.D. Mich. 1988); *Delbridge v. Production Credit Ass'n & Fed. Land Bank*, 104 B.R. 824, 827-828 (E.D. Mich. 1989); *In re Beker Indus. Corp.*, 58 B.R. 725, 736 (Bankr. S.D.N.Y. 1986); *In re Ledgemere Land Corp.*, 116 B.R. 338, 343 (Bankr. D. Mass 1990).

24. Simply stated, adequate protection is necessary only to the extent the use of the creditor's collateral will result in a decrease in "the value of such entity's interest in such property." 11 U.S.C. §§ 361, 363(e); *See United Savings Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 370-73 (1988) (the "interest in property" entitled to protection is "the value of the collateral" securing the claim). As the court in *In re Megan Racine Assoc., Inc.*, 202 B.R. 600 (Bankr. N.D.N.Y. 1996) noted:

> Adequate protection…is intended to compensate a creditor for any decrease in the value of its security interest in collateral during the pendency of the debtor's reorganization that is due to the imposition of the stay or is traceable to the use of such property.

Id. At 663.

25. The Lenders are only entitled to protection against the decline in value of their security interests in pre-petition collateral resulting from the Debtor's use of cash collateral.

26. The interests of the Lender is adequately protected by virtue of the terms and conditions of any cash collateral stipulation and any consent of the Lender. Alternatively, absent such consent, the Debtor believes that the Lender's interest are adequately protected by the following: (a) continued maintenance and insurance of the collateral; and (b) any equity cushion measured by the amount that the value exceeds the amount of debt owed.

27. In light of the foregoing, the Debtor submits that the use of cash collateral is appropriate in accordance with the Budget attached as Exhibit "A" and that the interest of the Lender will be adequately protected.

**WHEREFORE,** the Debtor respectfully request that this Court enter an order granting the Motion and authorizing the use of cash collateral in the operation of its business, and as well as granting such other an further relief that the Court may deem just and proper.

Respectfully submitted,

**TIMOTHY V. DANIEL, PC**

/s/ Timothy V. Daniel, Esq.
Timothy V. Daniel, Esq.
603 Mississippi Ave.
El Paso, Texas 79912
(915) 487-0072 (Telephone)
(505) 629-1528 (Facsimile)
**tim@timvdaniel.com**
Counsel for the Debtor

## CERTIFICATE OF SERVICE

  I, Timothy V. Daniel, do hereby certify that on <u>February 11, 2021</u> a true and correct copy of the foregoing motion was served electronically and/or by first-class mail upon the persons or entities identified in the attached matrix (Exhibit C), as well as upon the following:

| | |
|---|---|
| Robert R. Feuille<br>ScottHulse<br>P.O. Box 99123<br>El Paso, Texas 99123 | El Paso National Mortgage, LLC<br>44 Executive Center Blvd, Ste 240<br>El Paso, Texas 79902-1039 |
| Brad Odell<br>Mullin Hoard & Brown, LLP<br>1500 Broadway, Ste 700<br>Lubbock, 79401 | United States Trustee<br>U.S. Trustee's Office<br>615 E. Houston, Suite 533<br>P.O. Box 1539<br>San Antonio, TX 78295-1539 |

                                            <u>/s/ Timothy V. Daniel</u>
                                            Timothy V. Daniel