# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **Case No.: 21-30067** |
| **5401 Montoya Dr. El Paso Texas,** | § | |
| | § | **Chapter 11** |
| *Debtor.* | § | **Subch. V** |
| | § | |
| **El Paso National Mortgage, LLC,** | § | |
| | § | |
| Movant, | § | |
| v. | § | |
| | § | |
| **5401 Montoya Dr. El Paso Texas, LLC,** | § | |
| | § | |
| Respondent. | § | |

## RESPONSE TO EL PASO NATIONAL MORTGAGE, LLC'S MOTION FOR RELIEF FROM AUTOMATIC STAY REGARDING REAL ESTATE, 5401 MONTOYA DRIVE, AND ALTERNATIVELY FOR ADEQUATE PROTECTION, WITH WAIVER OF 30-DAY HEARING AND REQUEST FOR EL PASO SETTING

To the Honorable H. Christopher Mott, United States Bankruptcy Judge:

Respondent, 5401 MONTOYA DR. EL PASO TEXAS, LLC, by and through its attorney Timothy V. Daniel, file this Response to the Motion for Relief from Automatic Stay filed by EL PASO NATIONAL MORTGAGE (the "Movant") on February 9, 2021 and would respectfully show:

1. Debtor admits the allegations of Movant's numbered paragraph 1. The Court has jurisdiction.

2. Debtor admits the allegations of paragraph 2. Movant holds holds a first-priority lien on the real property.

3. Debtor admits the allegations of paragraph 3. The petition date is February 1, 2021.

4. Debtor denies the allegations of paragraph 4. Debtor has filed schedules, a statement of financial affairs and other required documents as of the date of this response.

5. Debtor denies the allegations of paragraph 5. This case is the first filed by 5401 Montoya Dr. El Paso Texas, LLC and was not filed in bad faith. Respondent seeks reorganization. In particular, Respondent can resolve its debt to Movant if allowed a reasonable amount of time to sell two properties owned by LLCs of which Benjamin J. Giron ("Mr. Giron") is the sole member. The properties are located at 595 Melendres Street and 585 Melendres Street.

6. Debtor admits the allegations of paragraph 6. Mr. Giron filed a Chapter 13 case on August 29, 2020. Mr. Giron failed to get required paperwork in by the deadline because of a death at one of the group homes for which he is responsible, therefore the case was dismissed. Mr. Giron states that the circumstances were beyond his control.

7. Debtor admits the allegations of paragraph 7. Mr. Giron filed a Chapter 13 on November 2, 2020 in an effort to protect the residential group homes he operates for the elderly. Debtor was unable to prevent a lift of the automatic stay as to three properties which he either owned as sole proprietor or is the LLC's sole member. As a result of loss of income, he was unable to maintain his Chapter 13 plan and the case was summarily dismissed.

8. Debtor admits the allegations of paragraph 8. Debtor did file this Chapter 11 case on February 1, 2020 but, as of the date of this Response, has filed schedules, statements, and other required documents.

9. Debtor admits the allegations of paragraph 9. Along with this case, Debtor filed a personal Chapter 11 seeking a personal reorganization.

10. Debtor admits the allegations of paragraph 10.  Debtor executed a promissory note to Movant guaranteed by Giron on November 18, 2019.

11. Debtor admits the allegations of paragraph 11.  The Note is secured by a Deed of Trust.

12. Debtor admits the allegations of paragraph 12.  Debtor admits that it is in default.

13. Debtor admits the allegations of paragraph 13.  Debtor admits that it remains in possession of the property.

14. Debtor admits the allegations of paragraph 14.  Debtor admits that the Note has been accelerated.

15. Debtor denies the allegations of paragraph 15.  Debtor is unable to admit or deny the amount due had the note not been accelerated and therefore, denies same.

16. Debtor denies the allegations of paragraph 16.  Respondent can make current payments to Movant and can resolve its debt to Movant if allowed reasonable time to sell certain properties located in Las Cruces, New Mexico.  Respondent has kept and maintained the 5401 Montoya Dr. property in excellent condition and an inspection by Movant may be arranged, if desired.

17. Debtor denies the allegations of paragraph. 17. Debtor denies the allegations of paragraph 17 except to admit that taxes for the current year have not yet been paid but are not past due.

18. Debtor denies the allegations of paragraph 18.  Debtor is carrying homeowner's insurance on the Property through Nationwide Insurance policy #7842HR111238 (See Exhibit "A"). The policy is paid through July 31, 2021.

19. Debtor denies the allegations of paragraph 19. Debtor seeks reorganization and requests that it be given reasonable time to sell certain properties located in Las Cruces, New Mexico so that it may resolve its debt to Movant.

20. Debtor denies the allegations of paragraph 20.

21. Debtor admits the allegation of paragraph 21 that, according to the El Paso Central Appraisal District, the appraised value of the property is $183,327.00. Debtor denies that this amount is an accurate current market value of the property. On information and believe, this figure is six years old. A Comparable Market Analysis dated February 20, 2021 (See Exhibit "B") shows that comparable homes in the area have sold between $473,000 and $913,000. Even on the low end, Debtor would have equity. 5401 Montoya is a unique property and is difficult to value. However, it is worth much more than the tax value and the property has equity.

22. Debtor denies the allegations of paragraph 22. The property is necessary for an effective reorganization. Debtor operates a group home at 5401 Montoya Drive which, after downsizing, will be the only group home operated by Mr. Giron and the sole source of his livelihood. Successful reorganization is likely if Debtor is allowed reasonable time to sell off property in Las Cruces and use proceeds to resolve its debt to Movant.

23. Debtor admits the allegations of paragraph 23. Movant's supporting Affidavit is attached to Movant's motion.

24. Debtor denies the allegations of paragraph 24. Debtor can adequately protect Movant by paying the post-petition arrearage and/or curing any other instances of default, if any, by mutual agreement of the parties in a manner contemplated by Rule 4001(d).

25. Debtor denies the allegations of paragraph 25.  Debtor has reason to believe there is equity in the Property as indicated in paragraph 21 above.  Debtor operates a group home on the Property, and the Property is necessary for an effective reorganization.

26. Debtor is providing adequate protection to Movant in that it will make its current mortgage payment each month and has a plan to remedy its remaining debt to Movant.

WHEREFORE, PREMISES CONSIDERED, Respondent respectfully prays that Movant's Motion for Relief from Automatic Stay be denied to the extent set forth above, and for such other and further relief as the Court may deem just and appropriate.

          Respectfully submitted,

          Timothy V. Daniel, P.C.

          /s/Timothy V. Daniel
          Timothy V. Daniel
          SBN: 24052043
          603 Mississippi Dr.
          El Paso, Texas 79902
          Telephone: (915) 487-0072
          Facsimile: (505) 629-1528

# CERTIFICATE OF SERVICE

       I, the undersigned, do hereby certify that on February 22, 2021, I caused a true and exact copy of the foregoing, which was filed with the Clerk of the Court, to be served either via CM/ECF to those so authorized or via United States Mail to the following parties:

| | | |
|---|---|---|
| Robert R. Feuille<br>ScottHulse<br>One San Jacinto Plaza<br>201 E. Main Dr., Ste 1100<br>P.O. Box 99123<br>El Paso, TX 79999-9123 | El Paso National Mortgage<br>c/o William Ehrlich<br>444 Executive Center Blvd.<br>Ste 240<br>El Paso, TX 79902-1039 | United States Trustee-Ep12<br>U.S. Trustee's Office<br>615 E. Houston, Ste 533<br>P.O. Box 1539<br>San Antonio, TX 78295-1539 |
| Donald P. Stecker<br>Linebarger Googan Blair & Sampson, LLP<br>112 E. Pecan St., Ste 2200<br>San Antionio, TX 78205 | | |

                                              /s/ Timothy V. Daniel
                                              Timothy V. Daniel