**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| 5401 MONTOYA DR. | § | CASE NO. 21-30067-HCM |
| | § | |
| DEBTOR. | § | SubChapter V |

**FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF BRAD W. ODELL AS SUBCHAPTER V TRUSTEE**

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

TO THE HONORABLE H. CHRISTOPHER MOTT, UNITED STATED BANKRUPCY JUDGE:

NOW COMES, Brad W. Odell, Subchapter V Trustee ("Trustee") in the above captioned case (the "Case") and files this First and Final Application for Compensation and Reimbursement of Expenses of Brad W. Odell as Subchapter V Trustee (the "Application"), pursuant to section 326 and 330 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014 of the Local Rules of the United States Bankruptcy Court for the Western District of Texas (the "Bankruptcy Local Rules"), seeking allowance on a final basis of all the fees and expenses incurred by applicant from February 4, 2021 through June 8, 2021 (the "Compensation Period"), in the amount of total amount of $4,647.66 ($4,611.00 for fees and $36.66 for expenses.

**A.    Background and Jurisdiction**

1. 5401 Montoya Dr., (the "Debtor") filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 1, 2021, in the United States Bankruptcy Court for the Western District of Texas.

2. On February 4, 2021, Brad W. Odell was appointed as Subchapter V Trustee in this bankruptcy case [Docket #3].

3. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue for this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought by this Application are sections 105, 326, and 330(a) of the Bankruptcy Code.

**B.    Employment and Prior Compensation**

4. The Trustee has not previously filed an application for compensation in this Case.

5. The Trustee has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in this Case.

6. No promises have been received by the Trustee as to compensation in connection with this Case other than in accordance with the provisions of the Bankruptcy Code.

7. The Trustee did not receive a pre-petition or post-petition retainer in this Case.

**C.    Compensation Requested**

8. By this Application, the Trustee is seeking allowance of compensation for professional services rendered as Subchapter V Trustee.

9. The Trustee seeks approval on a final basis of the total fees of $4,611.00 for services rendered as Subchapter V Trustee during the Compensation Period and $36.66 for reimbursement of actual and necessary expenses incurred in connection with the rendition of such services, for a total award of $4,647.66.

10. The Trustee's charges for professional services rendered in this case were billed in accordance with the Notice of Appointment of Subchapter V Trustee. The rates for Brad W. Odell, Subchapter V Trustee, are $290.00 per hour.

11. The Trustee submits that this Application complies with Sections 330 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and the United States Trustee Guidelines.

12. The fees sought by the Application reflect an aggregate of 15.90 hours of time spent in performing services during the Compensation Period.

D. **Time Records**

13. In support of the Application, attached hereto as Exhibit "A" is the Fee Application Summary, which sets forth a detailed description of services performed by the Trustee.

14. The services performed by the Trustee are detailed in the Trustee's detailed time records during the Compensation Period attached as Exhibit "B."

15. The Trustee submits that the foregoing services were necessary to fulfill his duties as Subchapter V Trustee, were necessary and beneficial to the bankruptcy estate at the time these services were rendered, were performed without unnecessary duplication of effort or expense. The Trustee's request for compensation for the foregoing services is reflective of a reasonable amount

of time expended in performing such services commensurate with the complexity, importance and nature of the problems, issues and tasks involved.

### E. Standards for the Award of Compensation

16. With respect to the amount of compensation, section 330(a)(1) of the Bankruptcy Code provides, in pertinent part, that the Court may award to a trustee: "reasonable compensation for actual, necessary services rendered." 11 U.S.C. § 330(a)(1)(A).

17. In turn, Bankruptcy Code section 330(a)(3) provides that in determining the amount of reasonable compensation to be awarded, a Court shall consider the nature, the extent, and the value of the services rendered by the trustee, while taking into account all relevant factors, including the following:

- The time spent on such services;

- The rates charged for such services;

- Whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of, the chapter 11 case.

- Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issues or task addressed;

- Whether the trustee has demonstrated skill and experience in consulting within the bankruptcy field; and

- Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than chapter 11 cases.

11 U.S.C. § 330(a)(3). *See also In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 850 (3d Cir. 1994) (noting Bankruptcy Code's policy of providing adequate compensation and stating that "Congress rather clearly intended to provide sufficient economic incentive to lure competent

bankruptcy specialists to practice in the bankruptcy courts") (citation and internal quotation marks omitted).

18. In interpreting these authorities to determine an award of compensation, most courts have adopted the standards enumerated in *Am. Benefit Life Ins. Co. v. Baddock* (*In re First Colonial Corp. of Am.*), 544 F.2d 1291, 1298-99 (5th Cir. 1977), cert. denied, 431 U.S. 904. The Trustee respectfully submits that, as demonstrated below, the application of these factors to the services performed by the Trustee as the duly appointed Subchapter V Trustee should result in this Court's allowance of the full compensation sought.

### F. Application of the First Colonial Factors

19. <u>The Time and Labor Required.</u> The professional services rendered by the Trustee have required substantial time and effort.

20. <u>The Novelty and Difficulty of Questions</u>. Novel and complex issues have arisen in the course of this case.

21. <u>The Skill Requisite to Perform the Firm's Services Properly</u>. The Trustee believes that his expertise in the areas of bankruptcy, real estate and commercial law, combined with his approach to the resolution of issues contributed to the protection of the bankruptcy estates' interests and the maximization of the estates.

22. <u>The Preclusion of Other Employment by Applicant Due to Acceptance of the Cases</u>. To a certain extent, the Trustee appointment precluded other new clients.

23. <u>The Customary Fee</u>. The compensation sought herein is based upon the Trustee's approved hourly billing rate for services of this kind. The Trustee respectfully submits that the compensation sought herein is not unusual given the magnitude and complexity of this Case and

the time dedicated to serving as the Subchapter V trustee. Such compensation is commensurate with fees charged by other firms of comparable experience.

24. <u>Whether the Fee is Fixed or Contingent</u>. The Trustee charges customary hourly rates for his services based on experience and the fee is not outcome-dependent. Pursuant to Sections 330 and 331 of the Bankruptcy Code, all fees sought by professionals retained under Section 327 or 1103 of the Bankruptcy Code are contingent pending final approval by the Court and are subject to adjustment by the Court depending upon the services rendered and the results obtained.

25. <u>Time Limitation Imposed by Client or Other Circumstances</u>. Occasionally in this case, the Trustee has had to perform its services under significant time constraints.

26. <u>The Amount Involved and Results Obtained</u>. The Trustee worked with counsel for the Debtor and other creditors to work towards the confirmation of a consensual plan, even though in this case a consensual plan was not confirmed.

27. <u>The Experience, Reputation and Ability of the Trustee</u>. The Trustee's experience enables it to perform the services described herein competently and expeditiously. The Trustee is experienced and regarded as qualified in the business bankruptcy reorganization field.

28. <u>The "Undesirability" of the Case</u>. This Case was not undesirable, but as already indicated, has required a significant commitment of time from the Trustee.

29. <u>Nature and Length of Professional Relationship</u>. Brad W. Odell was appointed as Subchapter V Trustee on February 4, 2021.

30. <u>Actual and Necessary Expenses</u>. The Trustee has incurred minimal actual and necessary expenses during the course of the Compensation Period.

31. The Trustee will incur costs in the amount of $25.00 for serving this Fee Application and might incur additional fees and expenses if attendance at any hearings thereon is required. The Trustee requests that these fees be paid by the Bankruptcy Estate as an administrative expense.

WHEREFORE, Brad W. Odell, as Subchapter V Trustee, respectfully requests that the Court enter an order: (a) approving this Application on a "final" basis; (b) allowing Brad W. Odell a total sum of $4,647.66 consisting of $4,611.00 in fees earned and $36.66 in expenses incurred during the Compensation Period; (c) ordering the Debtor to pay to the Trustee the $4,647.66 in allowed fees and expenses in accordance with the Bankruptcy Code; and (d) allowing such other and further relief to which he is justly entitled.

Dated: June 10, 2021

Respectfully Submitted,

By: /s/ Brad W. Odell
Brad W. Odell, SBN: 24065839

MULLIN HOARD & BROWN, LLP
Brad W. Odell, SBN: 24065839
P. O. Box 2585
Lubbock, Texas 79408-2585
Tel: (806) 765-7491
Fax: (806) 765-0553
Email: bodell@mhba.com
***Subchapter V Trustee***

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 10th day of June, 2021, a true and correct copy of the foregoing document was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system.

Timothy V. Daniel
Timothy V. Daniel, P.C.
603 Mississippi Ave.
El Paso, Texas 79902-2415
***Counsel for Debtor***

U.S. Trustee's Office
Western District of Texas
P.O. Box 1539
San Antonio, Texas 78295
***U.S. Trustee***

Donald P. Stecker
Linebarger Goggan Blair & Sampson, LLP
Attorneys at Law
112 E Pecan St., Suite 2200
San Antonio, TX 78205
***Counsel for Creditor City of El Paso***

Robert R. Feuille
ScottHulse, PC
201 E. Main, Suite 1100
El Paso, Texas 79901-1340
***Counsel for El Paso National Mortgage, LLC***

James W. Brewer
Kemp Smith, LLP
P.O. Box 2800
El Paso, Texas 79999-2800
***Counsel for Joe T. Meraz***

The undersigned further certifies that on the 10th day of June, 2021, a true and correct copy of the foregoing document was filed with the Court and sent via First-Class U.S. Mail, postage prepaid to the following creditors:

5401 Montoya Dr. El Paso Texas, LLC
5401 Montoya Dr.
El Paso, Texas 79932-24100
***Debtor***

Comptroller of Public Accounts
c/o Office of the Attorney General
Bankruptcy – Collections Division MC-008
P.O. Box 12548
Austin, Texas 78711-2548

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

The Ehrlich Law Firm
Attn: William Ehrlich
444 Executive Center Blvd. Suite 240
El Paso, TX 79902-1039

Texstar Escrow, LLC
5809 Acacia Cir.
El Paso, Texas 79912-4859

By: /s/ Brad W. Odell
     Brad W. Odell

# EXHIBIT "A"
## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| 5401 MONTOYA DR. | § | CASE NO. 21-30067-HCM |
| | § | |
| DEBTOR. | § | SubChapter V |

### FEE APPLICATION SUMMARY

I.      CLIENT: Bankruptcy Estate of 5401 Montoya Dr.

II.      REQUESTING APPLICANT/FIRM: Brad W. Odell, Subchapter V Trustee

III.      TOTAL AMOUNT OF FEES REQUESTED:

         a.     Fees: $4,611.00
         b.     Expenses: $36.66
         c.     Retainer: None
         d.     Time Period Covered: February 4, 2021 to June 10, 2021

IV.      BREAKOUT OF CURRENT APPLICATION

| Attorney/Paralegal | Hours Spent | Hourly Rate | Total |
|---|---|---|---|
| Brad Odell | 15.90 | $290.00 | $4,611.00 |
| **TOTAL:** | | | **$4,611.00** |

MINIMUM FEE INCREMENTS: The Trustee bills time in tenth of hours.

EXPENSES: The Trustee is requesting $3.76 in expenses. The Trustee charges $.20 per page for photocopying; and all other expenses are based on actual charges (no premium) for expenses incurred, including long distance telephone calls, postage, reimbursement of travel expenses and charges for services by third parties. Below is a summary of the expenses charged:

| | |
|---|---|
| Postage | $8.00 |
| Copy Charges | $17.00 |
| PACER | $7.90 |
| Long Distance Calls | $3.76 |
| **TOTAL:** | **$36.66** |

AMOUNT ALLOCATED FOR PREPARATION OF THIS FEE APPLICATION: The Trustee has billed one hour for the preparation of this fee application as of the time of filing. Additional expenses incurred for the serving of this fee application and any preparation and attendance at a hearing on this fee application will be included in invoices at a later time.

V.    PRIOR APPLICATIONS: None.

VI.    OTHER CO-EQUAL OR ADMINISTRATIVE CLAIMANTS IN THIS CASE:

    a.    Counsel for the Debtors.

Allowance of the Trustee's Fee Application will not result in the Debtors' estate not being able to pay all co-equal administrative claims in this case.

VII.    RESULTS OBTAINED:

1.    **Case Administration:** This included but is not limited to administrative work associated with being appointed Trustee; Review of prior bankruptcy case, filing of amended petitions, motions, schedules and statement of financial affairs; Preparation for and attendance at Initial Debtor Interview, Hearings, Creditors Meeting and Status Conference.
**(BWO: 15.10 hours = TOTAL: $4,379.00)**

2.    **Work Related to Claims:** This included, but was not limited to discussions with counsel regarding issues raised by creditors against Debtor; conferences with creditors regarding claims against Debtor.
**(BWO: .80 hours = TOTAL: $232.00)**



**MHB**
ATTORNEYS AT LAW

P. O. BOX 31656
AMARILLO, TX 79120-1656
806-372-5050

TAX ID #75-2319090

***INVOICE***

Brad W. Odell, Subchapter V Trustee
1500 Broadway, Suite 700
Lubbock, TX   79401

Page: 1
Invoice Date: March 8, 2021
Account No.: 18167.13
Invoice No.: 1

5401 Montoya Dr.

<u>FEES</u>

HOURS

02/02/2021
BO    Attention to appointment as Subchapter V Trustee.    0.20

02/04/2021
BO    Reviewed prior bankruptcy cases of B. Giron; calls with J. Brewer and R. Fieulle regarding debtor; call with T. Daniel regarding cases and need for patient care ombudsman.    1.20

02/05/2021
BO    Reviewed filing by El Paso National regarding use of cash collateral; call with attorney for landlord; call with T. Daniels.    0.70

02/08/2021
BO    Call with J. Rose regarding patient care ombudsmen; call with T. Daniel regarding waiver of patient care ombudsmen; attention to motions filed to dismiss case against non-filing entities.    0.70

02/11/2021
BO    Attention to filing of amended petitions for Benjamin Giron; discussions with T. Daniel and J. Rose regarding same.    0.40

02/18/2021
BO    Attention to schedules and statement of financial affairs for 5401 Montoya and Benjamin Giron; analyzed motion for use of cash collateral.    2.50

02/19/2021
BO    Attended hearing on interim use of cash collateral.  - n/c

02/22/2021
BO    Call with T. Daniel regarding case; reviewed motion and

**EXHIBIT "B"**

**INVOICE DUE UPON RECEIPT**
**PLEASE INDICATE ACCOUNT NUMBER ON REMITTANCE**
**PAYMENTS RECEIVED AFTER DATE OF THIS STATEMENT ARE NOT REFLECTED ON THIS INVOICE**

Brad W. Odell, Subchapter V Tru  
5401 Montoya Dr.

Page: 2  
Invoice Date: March 8, 2021  
Account No.: 18167.13  
Invoice No.: 1

| | | HOURS | |
|---|---|---|---|
| | order lifting stay in B. Giron case. | 0.70 | |
| 02/24/2021 BO | Participated in IDI for both 5401 Montoya and Benjamin Giron cases. | 1.20 | |
| 02/25/2021 BO | Call with T. Daniels regarding case. | 0.40 | |
| | FOR CURRENT SERVICES RENDERED | 8.00 | 2,320.00 |

### RECAPITULATION

| TIMEKEEPER | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|
| Brad Odell | 8.00 | $290.00 | $2,320.00 |

### EXPENSES

| | | |
|---|---|---|
| 02/04/2021 | Long distance telephone call, from ext 101, 1(915)533-4424 | 0.64 |
| 02/04/2021 | Long distance telephone call, from ext 101, 1(915)533-2493 | 1.44 |
| | TOTAL EXPENSES | 2.08 |
| | TOTAL CURRENT WORK | 2,322.08 |
| | BALANCE DUE UPON RECEIPT | $2,322.08 |



**MHB**
ATTORNEYS AT LAW

P. O. BOX 31656
AMARILLO, TX 79120-1656
806-372-5050
TAX ID #75-2319090

***INVOICE***

| | |
|---|---|
| Brad W. Odell, Subchapter V Trustee | Page: 1 |
| 1500 Broadway, Suite 700 | Invoice Date: April 16, 2021 |
| Lubbock, TX   79401 | Account No.: 18167.13 |
| | Invoice No.: 2 |

5401 Montoya Dr.

### FEES

| | | HOURS | |
|---|---|---|---|
| 03/04/2021 BO | Prepared for and attended creditors' meeting for 5401 Montoya and Benjamin Giron. | 2.00 | |
| 03/09/2021 BO | Analyzed order on final use of cash collateral; discussions with T. Daniel regarding same. | 1.00 | |
| 03/10/2021 BO | Attended hearing on continued use of cash collateral and motion for relief from stay. | 2.80 | |
| 03/25/2021 BO | Attended reset 341 hearing. | 0.60 | |
| 03/31/2021 BO | Attended status hearing. | 0.50 | |
| | FOR CURRENT SERVICES RENDERED | 6.90 | 2,001.00 |

### RECAPITULATION

| TIMEKEEPER | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|
| Brad Odell | 6.90 | $290.00 | $2,001.00 |

### EXPENSES

| | | |
|---|---|---|
| 02/04/2021 | Long distance telephone call, from ext 101, 1(915)487-0072 | 1.68 |
| | TOTAL EXPENSES | 1.68 |
| | TOTAL CURRENT WORK | 2,002.68 |

**INVOICE DUE UPON RECEIPT**
**PLEASE INDICATE ACCOUNT NUMBER ON REMITTANCE**
**PAYMENTS RECEIVED AFTER DATE OF THIS STATEMENT ARE NOT REFLECTED ON THIS INVOICE**

Brad W. Odell, Subchapter V Tru  
5401 Montoya Dr.

Page: 2  
Invoice Date: April 16, 2021  
Account No.: 18167.13  
Invoice No.: 2

|  |  |
|---|---|
| PREVIOUS BALANCE | $2,322.08 |
| BALANCE DUE UPON RECEIPT | $4,324.76 |



**P. O. BOX 31656**
**AMARILLO, TX 79120-1656**
**806-372-5050**

**TAX ID #75-2319090**

**\*\*\*INVOICE\*\*\***

| | |
|---|---|
| Brad W. Odell, Subchapter V Trustee | Page: 1 |
| 1500 Broadway, Suite 700 | Invoice Date: May 12, 2021 |
| Lubbock, TX 79401 | Account No.: 18167.13 |
| | Invoice No.: 3 |

5401 Montoya Dr.

| | |
|---|---|
| PREVIOUS BALANCE | $4,324.76 |
| BALANCE DUE UPON RECEIPT | $4,324.76 |

**INVOICE DUE UPON RECEIPT**
**PLEASE INDICATE ACCOUNT NUMBER ON REMITTANCE**
**PAYMENTS RECEIVED AFTER DATE OF THIS STATEMENT ARE NOT REFLECTED ON THIS INVOICE**



**MHB**
**ATTORNEYS AT LAW**

P. O. BOX 31656
AMARILLO, TX 79120-1656
806-372-5050

TAX ID #75-2319090

***INVOICE***

Brad W. Odell, Subchapter V Trustee
1500 Broadway, Suite 700
Lubbock, TX  79401

Page: 1
Invoice Date: June 10, 2021
Account No.: 18167.13
Invoice No.: 4

5401 Montoya Dr.

## FEES

| Date | | | HOURS | |
|---|---|---|---|---|
| 05/20/2021 | BO | Worked on final fee application. | 1.00 | |
| | | FOR CURRENT SERVICES RENDERED | 1.00 | 290.00 |

### RECAPITULATION

| TIMEKEEPER | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|
| Brad Odell | 1.00 | $290.00 | $290.00 |

## EXPENSES

| 05/06/2021 | Payment to PACER Service Center - Research for period of 01/01/21 - 03/31/21. | 7.90 |
|---|---|---|
| | TOTAL EXPENSES | 7.90 |
| | TOTAL CURRENT WORK | 297.90 |
| | PREVIOUS BALANCE | $4,324.76 |
| | BALANCE DUE UPON RECEIPT | $4,622.66 |

**INVOICE DUE UPON RECEIPT**
**PLEASE INDICATE ACCOUNT NUMBER ON REMITTANCE**
**PAYMENTS RECEIVED AFTER DATE OF THIS STATEMENT ARE NOT REFLECTED ON THIS INVOICE**